IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marla Louise Hildebrandt,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br><br>　　　　Defendant. | No. CV 07-10-TUC-JMR (HCE)<br><br>**REPORT & RECOMMENDATION** |

On January 9, 2007, Plaintiff, appearing *pro se*, filed the instant action appealing the Commissioner's denial of social security benefits. For the following reasons, the Magistrate Judge recommends that the District Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to comply with the Court's Orders.

**I.      Factual & Procedural Background**

On January 19, 2007, the Court entered a Scheduling Order directing, *inter alia,* Plaintiff to file her opening brief thirty days after the filing of the Answer and the Administrative Record. (Doc. No. 4) Plaintiff was advised that "[f]ailure to file an opening

brief within the time set by this Order may result in dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and/or for failure to comply with the Court's Order." (Id.) On April 27, 2007, Defendant filed the Answer and Administrative Record.

Plaintiff did not file an opening brief as required by the Court's January 19, 2007 Order. Therefore, on September 11, 2007, the Court *sua sponte* entered an order granting Plaintiff thirty days, *i.e.* until October 11, 2007, to file her opening brief[1] and advising Plaintiff that failure to comply with the Order may result in a Recommendation to the District Court to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with the Court's Order. (Doc. No. 11) Plaintiff did not file an opening brief as directed by the Court.

## II.     Discussion

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, the Court may *sua sponte* dismiss an action "[i]f the plaintiff fails to...comply with...a court order." Fed.R.Civ.P. 41(b); *see also Hells Canyon Preservation Council v. United States Forest Service,* 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) *sua sponte*..."); *Henderson v. Duncan,* 779 F.2d 1421 (9th Cir. 1986) (same). "Dismissal is a harsh penalty and is to be imposed only in extreme circumstances." *Henderson,* 779 F.2d at 1423. Therefore, when determining whether to dismiss a claim for failure to comply with a court order, the court must weigh the following factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendant; 4) the availability of less drastic alternatives; and 5) the public policy favoring disposition of cases on their merits. *Id.; Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir.

---

[1]The Court also advised Plaintiff that her brief should include "the reasons why she believes the Commissioner's decision denying her benefits was erroneous. Plaintiff's brief should include citations to portions of the record that she contends supports her position." (Doc. No. 11)

2002); *see also Oliva v. Sullivan,* 958 F.2d 272 (9th Cir. 1992) (considering same factors when reviewing order dismissing social security appeal). Also relevant to the determination is whether the plaintiff was warned of the consequences of her inaction, such as dismissal of the case. *Oliva,* 958 F.2d at 274. "In cases involving *sua sponte* dismissal of an action, rather than dismissal following a noticed motion under Rule 41(b), Fed.R.Civ.P., there is a closer focus on" the considerations of less drastic alternatives and warning to the party. *Id.* The Ninth Circuit "may affirm a dismissal where at least four factors support dismissal...or where at least three factors 'strongly' support dismissal.'" *Yourish v. California Amplifier,* 191 F.3d 983, 990 (9th Cir. 1999) *(quoting Hernandez v. City of El Monte,* 138 F.3d 393, 399 (9th Cir. 1998)).

        A.     <u>Interest in expeditious resolution of litigation</u>

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Id.*

        B.     <u>Docket management</u>

The trial court is in the best position to decide when delay in a particular case interferes with docket management and the public interest. *Yourish,* 191 F.3d at 990; *Pagtalunan,* 291 F.3d at 642. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as [Plaintiff.]" *Pagtalunan,* 291 F.3d at 642. To that end, this Court entered the January 19, 2007.

Plaintiff's failure to file an opening brief as directed by the Court interferes with the Court's case management responsibilities, results in Plaintiff controlling the pace of the docket rather than the Court, and has "consumed some of the [C]ourt's time that could have been devoted to other cases on the docket." *Pagtalunan,* 291 F.3d at 642. *See also Yourish,* 191 F.3d at 990 (court's need to manage its docket "strongly favor[ed] dismissal" where the plaintiff's noncompliance "caused the action to come to a complete halt" thus resulting in the plaintiff "controlling the pace of the docket rather than the [c]ourt."); *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir. 1992) (the court's interest in docket control "strongly support[ed]"

dismissal where, *inter alia,* the plaintiff's failure to comply with the court's order "consumed large amounts of the court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket.") This factor strongly favors dismissal.

### C. Risk of prejudice to Defendant

"[T]he risk of prejudice to the defendant is related" to the strength of the plaintiff's excuse for the default. *Yourish,* 191 F.3d at 991. *See also Pagtalunan,* 291 F.3d at 643 (same). The Ninth Circuit has found that a "paltry excuse for" the plaintiff's non-compliance with the court's order constitutes sufficient evidence to weigh strongly in favor of dismissal. *Yourish,* 191 F.3d at 991 (also noting that the plaintiff provided "a very poor reason" for failure to follow the court's order) The Ninth Circuit has affirmed dismissal even where "no specific showing of prejudice to defendants is made" given that "the integrity of the district court is involved." *Henderson,* 779 F.2d at 1425. Moreover, where the issue involves disregard of "deadlines, warnings, and schedules set by the district court, we cannot find that a lack of prejudice to defendants is determinative." *Id.*

Plaintiff has not offered a reason for her complete failure to comply with the Court's order that she file an opening brief. She has not requested an extension of such deadline. She has not filed any documents in this action since submitting the service packet in February 2007. Plaintiff has not indicated to this Court or Defendant the specific grounds on which she challenges the Commissioner's decision in the instant action. On the this record, the issue of prejudice tips the balance in favor of dismissal.

### D. Warning to Plaintiff and availability of less drastic alternatives

"The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson,* 779 F.2d at 1424 (citation omitted). The Court warned Plaintiff twice of the consequences of her inaction. The Court first warned Plaintiff of the risks of her inaction on January 17, 2007 when Plaintiff was advised that "[f]ailure to file an opening brief within the time set by this

- 4 -

Order may result in dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to prosecute and/or for failure to comply with the Court's Order." (Doc. No. 4) Thereafter, the Court warned Plaintiff a second time on September 11, 2007 that her "failure to comply...may result in a Recommendation to the District Court to dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with the Court's Order."  (Doc. No. 11)

Additionally on September 11, 2007, the Court *sua sponte* extended the deadline for Plaintiff's opening brief.  (Doc. No. 11) That extension was a less drastic alternative to dismissal.  *See Id.* (recognizing "as a constructive intermediate step in dealing with dilatory practices" the fact that the district court, among other things, established a schedule in an attempt to ameliorate the party's noncompliance, and warned of the consequences for failure to comply).  Plaintiff still has not complied with the Court's order that she submit an opening brief.  Plaintiff's continued lack of compliance supports the conclusion that less drastic alternatives to dismissal are not feasible.  Given Plaintiff's failure to comply with the Court's previous implementation of a less drastic sanction despite specific warning of the consequences of noncompliance, this factor weighs strongly in favor of dismissal.  *See id.*

E. Public policy favoring disposition of cases on their merits

"Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal." *Pagtalunan,* 291 F.3d at 643.

## III.   CONCLUSION

The Court is not unsympathetic to Plaintiff's *pro se* status.  Nonetheless, it is well-settled that *"[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995) (recognizing that "pro se litigants are bound by the rules of procedure" when affirming dismissal of case for failure to comply with local rule under same factors considered herein).  Nor is the Court unmindful of the public policy favoring disposition of cases on the merits.  To that end, the Court set deadlines to govern the prompt resolution of

this action, including a specific deadline for Plaintiff to submit her opening brief, and advised Plaintiff of the consequences of her failure to file such brief.  When Plaintiff failed to meet the deadline for filing her opening brief, the Court entered an order extending that deadline solely to provide Plaintiff the opportunity to comply, provided more detail about what Plaintiff should include in her opening brief, and warned Plaintiff of the consequences of her failure to comply.  Plaintiff wholly disregarded the Court's schedule which would have allowed resolution of her case on the merits.  Plaintiff's conduct has brought the parties and the Court to this juncture in the litigation where the Court must weigh the above-stated factors to determine whether dismissal is appropriate.

The only factor weighing against dismissal, public policy favoring disposition on the merits, is outweighed by the remaining four factors which favor dismissal, and three of those four factors strongly support dismissal.  Further, the considerations which require a "closer focus" in cases involving *sua sponte* dismissal, *i.e.,* the availability of less drastic sanctions and whether Plaintiff was warned of the consequences of noncompliance, are among the factors strongly favoring dismissal. Because three of the five factors for consideration strongly favor dismissal, Plaintiff's action should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See e.g. Yourish,* 191 F.3d at 990 ("We may affirm a dismissal where at least four factors support dismissal...or where at least three factors strongly support dismissal.") (internal quotation marks & citation omitted).  Moreover, dismissal is also appropriate because four of the five factors support dismissal as well.  *Id.*

### IV.    RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 07-10-TUC-JMR.**

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 6th day of December, 2007.

_____
Héctor C. Estrada
United States Magistrate Judge